UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NOORA D., | ) |
| | ) |
|    Plaintiff | ) |
| | ) |
| v. | )   2:23-cv-00184-JAW |
| | ) |
| KILO KIJAKAZI, Acting Commissioner of Social Security, | ) ) |
| | ) |
|    Defendant | ) |

## REPORT AND RECOMMENDED DECISION

On Plaintiff's application for supplemental security income benefits under Title XVI of the Social Security Act, Defendant, the Social Security Administration Acting Commissioner, found that Plaintiff has severe impairments but retains the functional capacity to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court vacate the administrative decision and remand the matter for further proceedings.

### THE ADMINISTRATIVE FINDINGS

Defendant's final decision is the May 11, 2022, decision of the Administrative Law Judge. (ALJ Decision, ECF No. 7-8).[1] The ALJ's decision tracks the familiar five-

---

[1] Because the Appeals Council found no reason to review that decision (R. 700), Defendant's final decision is the ALJ's decision.

step sequential evaluation process for analyzing social security disability claims, 20 C.F.R. §§ 404.1520, 416.920.

The ALJ found that Plaintiff has severe, but non-listing-level impairments consisting of dysfunction major joint – right knee, anxiety disorder, depressive disorder, and post-traumatic stress disorder (PTSD). (R. 706.)  The ALJ further found that Plaintiff has the residual functional capacity (RFC) to perform work at the sedentary level with certain exceptions.

Based on the RFC finding, Plaintiff's age, education and work experience, and the testimony of the vocational expert, the ALJ concluded that Plaintiff can perform substantial gainful activity existing in the national economy, including the representative occupations of cutter/paster, film touchup inspector, sack repairer, sorter, electronics inspector, and table worker. (R. 717.) The ALJ determined, therefore, that Plaintiff was not disabled. (R. 718.)

## STANDARD OF REVIEW

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987).  Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not

conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## DISCUSSION

Plaintiff argues the ALJ's decision is not supported by substantial evidence because the ALJ erroneously assessed the medical opinion evidence and Plaintiff's reports of symptoms and limitations.

The ALJ gave great weight to the opinions of the state agency consultants, Lewis Lester, Ph.D., and Robert Hayes, D.O. Plaintiff maintains the ALJ erred because the consultants did not have all the relevant medical records when they conducted their review, particularly given that Plaintiff's right knee condition and her mental health worsened after the consultants completed their review.

Dr. Hayes, who assessed Plaintiff's physical limitations, issued his report on August 28, 2018. (R. 812.) Dr. Lester, who assessed Plaintiff's mental health limitations, issued a report on September 9, 2015 (R. 76-77) and a report on August 17, 2018 (R. 814-15.) As part of their assessments, the consultants reviewed the material medical information generated prior to the issuance of their reports. The consultants' opinions regarding Plaintiff's limitations are reflected in the RFC that the ALJ adopted following administrative hearing on January 6, 2022.

In general, "a DDS non-examining expert's report cannot stand as substantial evidence in support of an administrative law judge's decision when material new evidence has been submitted [that] call[s] the expert's conclusions into question." *Eaton v. Astrue*, Civil No. 07-188-B-W, 2008 WL 4849327, at *5 (D. Me. Nov. 6, 2008). An

3

ALJ may, however, rely on experts' reports despite later-submitted evidence when the new evidence "does not call into question their conclusions." *Emily A. v. Saul*, No. 2:19-cv-00071-JDL, 2020 WL 2488576, at *7 (D. Me. May 14, 2020). Where the unseen portions of the record "are merely cumulative or consistent with the preexisting record and/or contain evidence supportably dismissed or minimized by the ALJ," there is no material change in the record evidence that would call a consultant's conclusions into question. *Id.* (citing *Robert L. v. Berryhill*, No. 1:17-cv-00348-JDL, 2018 WL 3599966, at *6 (D. Me. July 27, 2018)).

As to Plaintiff's physical impairment, Plaintiff cites new radiographic evidence (R. 1651) and the related findings as evidence that questions Dr. Hayes' opinion. The additional imaging, however, is similar to and consistent with the earlier radiographic studies Dr. Hayes reviewed. The evidence does not call into question Dr. Hayes opinion. The ALJ's reliance on Dr. Hayes opinion is supportable.

As to Plaintiff's mental health challenges, Plaintiff contends the evidence demonstrates that the intensity and severity of her symptoms increased significantly between the time of Dr. Lester's 2018 report and the administrative hearing. Plaintiff's condition following Dr. Lester's report raises questions about the reliability or relevance of the report as of the date of the administrative hearing. Although the ALJ concluded that Dr. Lester's findings are consistent with the "record as a whole," the ALJ cites limited medical records that post-date Dr. Lester's 2018 report. (R. 714.) The ALJ did not comment on the likely impact, if any, of the findings in the subsequent records on Dr. Lester's opinion.

In her discussion of Plaintiff's medical history and treatment, however, the ALJ did comment on some of Plaintiff's more recent treatment. The ALJ described the findings on examination as "mostly mild or benign." (R. 714.) The ALJ did not address Plaintiff's reports of ongoing limitations and the findings in the records that suggest Plaintiff's mental health challenges were persistent and increasing in intensity.

The records reflect that in April 2019, Plaintiff reported "an increase in fear of her neighbors" (R. 1447, 1449), and an increase in isolation such that she "can only go out for 10 minutes." (R. 1448.) Plaintiff's providers concluded that she needed ongoing support to manage mental health stressors related to trauma history and ongoing stressors related to other issues of daily life. (R. 1487.)

In 2020, Plaintiff was determined to be suffering from significant depression and increased anxiety. (R. 1582, 1585.) In 2021, her PTSD and depression symptoms were reported to include nightly nightmares, flashbacks, uncontrollable sadness, isolation, and difficulty completing everyday tasks. (R. 1639, 1640.)

Although the subsequent records contain some information that can be construed as consistent with Dr. Lester's report, Plaintiff's continuing and increasing significant mental health symptoms, which are reflected in the subsequent medical records, call into question Dr. Lester's opinion as it relates to Plaintiff's condition at the time of the January 6, 2022, administrative hearing. Remand, therefore, is warranted.[2]

---

[2] Because I have determined that remand is warranted based on the Plaintiff's challenge to the ALJ's reliance on the consultants' opinions, I have not addressed Plaintiff's other claimed errors.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court vacate the administrative decision and remand the matter for further proceedings.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 16th day of January, 2024.